IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PHILLIP OSUNA, #A1037613, | ) | CIV. NO. 17-00019 DKW-KJM |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING ACTION |
| | ) | |
| vs. | ) | |
| | ) | |
| JUDGE WONG, PROSECUTOR CHASID SAPOLU, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DISMISSING ACTION

Pro se Plaintiff Phillip Osuna, a pretrial detainee, has commenced this prisoner civil rights action pursuant to 42 U.S.C. § 1983. ECF. No. 1. Osuna alleges that the Honorable Paul B.K. Wong, Circuit Court of the First Circuit ("circuit court"), State of Hawaii, and City and County of Honolulu Deputy Prosecutor Chasid Mila Sapolu have violated his civil rights during his ongoing criminal proceedings in *State v. Osuna*, 1PC151001574 (filed Sept. 21, 2015). Osuna seeks an emergency hearing regarding his claims. For the following reasons, this action is DISMISSED.

### I. BACKGROUND

Osuna is incarcerated at the Oahu Community Correctional Center ("OCCC"), awaiting trial in 1PC151001574. *See* eCourt Kokua:

https://jimspss1.courts.state.hi.us/JEFS (last visited Jan. 31, 2017).[1]  Osuna is represented by John M. Schum, Esq.  *Id.*  Trial call is currently set for the week of March 20, 2017.  *Id.*

Osuna alleges that Deputy Prosecutor Sapolu violated his right to due process by "stacking" his charges, and Judge Wong is compounding this violation by denying his motions to dismiss his case or suppress unidentified evidence.  Osuna further alleges that Judge Wong's failure to grant his motions to suppress and dismiss constitute evidence of Judge Wong's bias.

## II.  **STATUTORY SCREENING**

Federal courts must screen all cases in which prisoners seek redress from a governmental entity, officer, or employee, or seek to proceed without prepayment of the civil filing fees.  *See* 28 U.S.C. §§ 1915(b)(2) and 1915A(a).  The court must identify cognizable claims and dismiss those claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  *Id.* at §§ 1915(b)(2) and 1915A(b).

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *see also* Fed. R. Evid. 201(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

The pleadings of pro se prisoners must still be liberally construed and given the benefit of any doubt. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)). A plaintiff must identify specific facts supporting the existence of substantively plausible claims for relief. *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014) (per curiam) (citation omitted). Leave to amend should be granted if it appears possible

that the plaintiff can correct the complaint's defects. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### III. DISCUSSION

**A.     Immunities**

Judge Wong and Deputy Prosecutor Sapolu are absolutely immune from liability for damages under 42 U.S.C. § 1983 for actions taken in their official capacities. *See Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (citing *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1872)); *Imbler v. Pachtman*, 424 U.S. 409, 427, 430 (1976)) (holding prosecutors are entitled to absolute immunity from civil rights suits when they engage in activities "intimately associated with the judicial phase of the criminal process"). Judge Wong's denial of Osuna's motions and Sapolu's decisions regarding which charges to bring are clearly official acts subject to absolute immunity. Osuna fails to state a claim against Judge Wong and Deputy Prosecutor Sapolu, and these claims are DISMISSED.

**B.     Younger and Rooker-Feldman Abstention Doctrines**

Further, challenges to ongoing state criminal proceedings in federal court are barred by the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention applies regardless of whether the applicant seeks declaratory or injunctive relief, or damages. *See Mann v. Jett*, 781 F.2d 1448, 1449

(9th Cir. 1986) (per curiam); *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (holding *Younger* abstention applies equally to damages actions as to actions seeking declaratory and injunctive relief). If a claim for declaratory or injunctive relief is raised, the federal court should abstain and dismiss without prejudice; if a damages claim is raised, the court should abstain and stay the federal proceedings until the state court proceedings are concluded. *See Gilbertson*, 381 F.3d at 984.

*Younger* abstention is required when: (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Dubinka v. Judges of the Super. Ct.*, 23 F.3d 218, 223 (9th Cir. 1994). *Younger* abstention principles apply throughout state appellate proceedings, requiring full appellate review of a state court judgment before federal court intervention is permitted. *Dubinka*, 23 F.3d at 223 (even if criminal trials were completed at time of abstention decision, state court proceedings are still considered pending).

Osuna is awaiting prosecution in an ongoing criminal proceeding. Hawaii has a significant state interest in enforcing and prosecuting criminal offenses under

its laws. *See Younger*, 401 U.S. at 43-44. Osuna's criminal defense attorney may file motions or seek relief from the circuit court to address the alleged violations of his constitutional rights. *Younger* abstention therefore applies.

Moreover, even after a state court proceeding has concluded, the *Rooker–Feldman* abstention doctrine applies when the federal relief requested would effectively reverse or void a state court decision. The application of the *Rooker–Feldman* doctrine is necessarily limited to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine encompasses claims that were not only actually litigated, but also those that are "inextricably intertwined" with the adjudication by a state court. *Exxon Mobil Corp.*, 544 U.S. at 284 (citations omitted). "[I]f a plaintiff's claim in federal court is inextricably intertwined with a previous state court adjudication, the district court lacks jurisdiction over the claim even if it was not raised in the state court." *Id.*

Accordingly, even if Osuna stated a claim regarding his ongoing state court proceedings, and his claims were not subject to the immunities described above, this Court must abstain from adjudicating such claims.

### IV.  28 U.S.C. § 1915(g)

The Prison Litigation Reform Act of 1995 ("PLRA") (codified in part at 28 U.S.C. § 1915) restricts prisoners' ability to proceed in forma pauperis ("IFP") when filing certain federal lawsuits.  Section 1915(g) provides a "three-strikes" rule that bars prisoners from proceeding IFP if they have accrued "three strikes" under the statute:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Dismissals pursuant to the *Younger* abstention doctrine are without prejudice and do not constitute a strike under § 1915(g).  *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1058 (9th Cir. 2016). Dismissals for failure to state a claim, however, normally constitute such a strike. *See Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011); *cf. Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) (finding failure to

properly amend claims, after repeated dismissals for violating "Rule 8(a)'s short and plain statement requirement," constitutes strike).

## V. CONCLUSION

Defendants Judge Wong and Prosecutor Chasid Sapolu are entitled to absolute immunity for actions taken in their official capacities, and Osuna's claims against them are DISMISSED for failure to state a claim. Moreover, principles of abstention caution this Court from interfering with an ongoing state court criminal action. This action is therefore DISMISSED, and because amendment is futile, this dismissal is without leave to amend.

IT IS SO ORDERED.

Dated: February 1, 2017 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Phillip Osuna v. Judge Wong, etc.*; Civil No. 17-00019 DKW-KJM;
**ORDER DISMISSING ACTION**

*Osuna v. Wong,* 1:17-cv-00019 DKW-KJM; psa scrg/2017 Osuna dkw (dsm Younger ftsc immunities)